IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 17-00001 HG-01 |
| Plaintiff, | ) | |
| vs. | ) | |
| SHEILA HARRIS, | ) | |
| Defendant. | ) | |

**ORDER NUMBER ONE ON PRETRIAL MOTIONS**

Defendant Sheila Harris is charged in the First Superseding Indictment with eleven counts of wire fraud, two counts of aggravated identity theft, and four counts of making a false statement with regards to health care.

Defendant is charged with devising a scheme and artifice to defraud and obtain money from Tricare, a health care program of the United States Department of Defense Military Health System. The Government contends that the "full scope of the scheme involved approximately 5,259 falsified speech therapy sessions included 2,328 false claims submitted to Tricare, and over 90 minor beneficiaries." (Gov't Motion in Limine To Admit Summary Charts at p. 4, ECF No. 56).

**1.    Government IS PERMITTED to Seek Admission of Summary Charts**

*Federal Rule of Evidence 1006 provides that summary charts are admissible in lieu of voluminous writings, recordings, or photographs.*

1

The Government's Motion in Limine To Admit Summary Charts (ECF No. 56) seeks to introduce into evidence a number of summary charts.

Federal Rule of Evidence 1006 provides:

> The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court.

Fed. R. Evid. 1006.

The underlying materials that provide the content for the summaries or charts need not be separately admitted into evidence. United States v. Meyers, 847 F.2d 1408, 1411-12 (9th Cir. 1988); United States v. Milkiewicz, 470 F.3d 390, 396 (1st Cir. 2006). A chart summarizing voluminous or complex information can itself be evidence under Rule 1006, as long as a party seeking to introduce the chart has laid a foundation for the underlying materials. United States v. Hemphill, 514 F.3d 1350, 1358-59 (D.C. Cir. 2008).

Rule 1006 provides that the summary itself constitutes substantive evidence. United States v. White, 737 F.3d 1121, 1134-35 (7th Cir. 2013); United States v. Bray, 139 F.3d 1104, 1109-10 (6th Cir. 1998). Rule 1006 summaries are distinguishable from summaries or charts that are used as "pedagogical devices" which organize or aid the jury's examination of testimony or documents that themselves were admitted into evidence. United

States v. Wood, 943 F.2d 1048, 1053 (9th Cir. 1991).

To be admissible as substantive evidence under Rule 1006, the chart must summarize the underlying materials "accurately, correctly, and in a nonmisleading manner." Bray, 139 F.3d at 1110, 1112; United States v. Janati, 374 F.3d 263, 273 (4th Cir. 2004).

The case before the Court involves voluminous materials regarding complicated health care billing and coding. The Government contends that the scheme involved thousands of falsified claims. Summary charts evidence will assist the jury and provide a practicable means of summarizing voluminous, complicated information.

The Government has not yet demonstrated the admissibility of the underlying evidence that it intends to present in its summary charts. The Court is unable to determine the admissibility of the charts until the Court rules on the admissibility of the underlying information.

Defendant has been afforded the opportunity to review all of the underlying materials and must object to any of the evidence that was used to create the charts if the Defense believes it is inadmissible. A summary chart will not be admitted into evidence if the underlying evidence is not admitted or deemed not admissible.

*The Government is permitted to introduce summary charts as substantive evidence as long as it lays a proper foundation and*

3

*either admits or demonstrates the admissibility of the underlying materials provided in the summary charts. The Government must also demonstrate that the charts summarize the admissible evidence "accurately, correctly, and in a non-misleading manner."*

**2.** **Government IS PERMITTED to Present Testimony By Case Agent Laura Salazar As A Summary Witness**

*The Government may present its case agent, Federal Bureau of Investigation ("FBI") Special Agent Laura Salazar, as a summary witness.*

The Ninth Circuit Court of Appeals permits the use of summary witnesses in order to "help the jury organize and evaluate evidence which is factually complex and fragmentally revealed in the testimony of the multitude of witnesses." United States v. Shirley, 884 F.2d 1130, 1133 (9th Cir. 1989) (quoting United States v. Lemire, 720 F.2d 1327, 1348 (D.C. Cir. 1983)).

Case agents from the Federal Bureau of Investigation, Drug Enforcement Administration, or Internal Revenue Service are regularly permitted to testify as summary witnesses to summarize voluminous records and witness testimony. United States v. Marchini, 797 F.2d 759, 765-66 (9th Cir. 1986) (finding district court did not err in admitting the summary testimony of Internal Revenue Service agent); Goldberg v. United States, 789 F.2d 1341, 1343 (9th Cir. 1986); United States v. Meyers, 847 F.2d 1408, 1412 (9th Cir. 1988) (approving use of FBI special agents to testify as summary witnesses); Shirley, 884 F.2d at 1133 (finding

4

the district court did not err in permitting a Drug Enforcement Administration agent to testify as a summary witness).

*FBI Special Agent Laura Salazar may testify as a summary witness.*

### 3. Government Case Agents Laura Salazar and Michael Naito ARE PERMITTED To Remain At Counsel Table Throughout Trial

***Government case agents are not subject to the exclusionary rule because they qualify as Government representatives who are essential to presenting the Government's case-in-chief pursuant to Fed. R. Evid. 615(b)-(c).***

The Government seeks an exception to the witness exclusionary rule provided in Federal Rule of Evidence 615. The Government requests that its two case agents: (1) FBI Special Agent Laura Salazar and (2) Special Agent Michael Naito with the Defense Criminal Investigative Service ("DCIS") of the United States Department of Defense be allowed to remain in the courtroom during the course of the trial.

Defendant objects to DCIS Special Agent Naito being permitted to remain at counsel table as the Defense has stated that he might be called as a witness.

Federal Rule of Evidence 615 allows a party to request a court order excluding witnesses from the courtroom so that they cannot hear other witnesses' testimony. The Rule provides:

> At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony. Or the court may do so on its own. But this rule does not authorize excluding:

(a) a party who is a natural person;

(b) an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney;

(c) a person whose presence a party shows to be essential to presenting the party's claim or defense; or

(d) a person authorized by statute to be present.

Fed. R. Evid. 615.

Courts have ruled that Government case agents are not subject to the exclusionary rule because they qualify as Government representatives who are essential to presenting the Government's case-in-chief pursuant to Fed. R. Evid. 615(b)-(c). United States v. Valencia-Riascos, 696 F.3d 938, 941 (9th Cir. 2012); see United States v. Baras, 2013 WL 6502846, *4 (N.D. Cal. Dec. 11, 2013) (finding the Internal Revenue Service special agent assigned to the case was not subject to the exclusionary rule).

It is the policy of the Ninth Circuit Court of Appeals that case agents for the Government are permitted to remain in the courtroom throughout the trial. United States v. Thomas, 835 F.2d 219, 223 (9th Cir. 1987). The Advisory Committee Notes for Federal Rule of Evidence 615 are clear that Government case agents are not subject to the witness exclusion rule in criminal cases. The Advisory Note from 1974 specifically states that Government counsel are permitted to have an investigative agent at counsel table throughout trial, explaining "[t]he

investigative agent's presence may be extremely important to government counsel, especially when the case is complex or involves some specialized subject matter." Fed. R. Evid. 615 Advisory Committee's Note to 1974 Enactment.

The Ninth Circuit Court of Appeals has specifically held that more than one Government case agent may be allowed to remain in the courtroom throughout trial. FBI Special Agent Salazar and DCIS Special Agent Naito handled different aspects of the investigation and are both permitted to remain in the courtroom throughout trial. <u>United States v. Gonzalez</u>, 221 F.3d 1349, *1 (9th Cir. 2000) (finding that the Drug Enforcement Administration agent, Immigration and Naturalization Services agent, and Narcotics Special Agent were all case agents for the government and were exempted from exclusion pursuant to Fed. R. Evid. 615).

*FBI Special Agent Laura Salazar and DCIS Special Agent Michael Naito are not subject to the exclusionary rule and may be present at the Government's counsel table during trial, except when testifying.*

*All other witnesses shall be excluded from trial except when testifying.*

### 4. Government IS PERMITTED to Seek Admission of Certified Records Pursuant to Federal Rules of Evidence 803(6) and 902(11)

***The Government is permitted to seek admission of certified business records at trial without testimony from a custodian of***

***records pursuant to Federal Rules of Evidence 803(6) and 902(11).***

Federal Rule of Evidence 803(6) provides for an exception to hearsay for business records. The Rule provides:

> The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:
>
>    ...
>
>    (6) **Records of a Regularly Conducted Activity**. A record of an act, event, condition, opinion or diagnosis if:
>
>       (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;
>
>       (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
>       (C) making the record was a regular practice of that activity;
>
>       (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>
>       (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6).

The Government seeks to invoke Federal Rule of Evidence 902(11) to allow for an exception to providing testimony from a custodian of records as required pursuant to Fed. R. Evid. 803(6)(D).

8

Federal Rule of Evidence 902(11) allows for the self-authentication of certified domestic records of regularly conducted activity. Rule 902(11) provides:

> The following items of evidence are self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted:
>
> ...
>
> (11) **Certified Domestic Records of a Regularly Conducted Activity**. The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court. Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record—and must make the record and certification available for inspection—so that the party has a fair opportunity to challenge them.

Fed. R. Evid. 902(11).

The Advisory Committee Notes explained that Rule 902(11) "sets forth a procedure by which parties can authenticate certain records of regularly conducted activity, other than through the testimony of a foundation witness." Fed. R. Evid. 902(11), Advisory Committee's Notes on 2000 Amendments.

The declarations filed pursuant to Fed. R. Evid. 902(11) must satisfy the substantive criteria set forth in Fed. R. Evid. 803(6)(A)-(C) in order to lay a proper foundation for admission of the certified record. United States v. Siders, 712 Fed. Appx. 601, 602-03 (9th Cir. Oct. 27, 2017); United States v. Kahre, 610 F.Supp.2d 1261, 1266 (D. Nev. 2009).

9

Defendant made one substantive challenge to the certificate of authenticity for records from Bank of Hawaii. Defendant does not object to any of the other certifications pursuant to Fed. R. Evid. 902(11).

The Government agrees that there is an error on the certification from Bank of Hawaii and has stated that it will correct the error before trial without objection from the Defendant. Defendant has not raised any other foundational objections.

*The Government is permitted to seek admission of certified business records pursuant to Federal Rules of Evidence 803(6) and 902(11).*

## CONCLUSION

Government **IS PERMITTED** to seek admission of Summary Charts (ECF No. 56).

Government **IS PERMITTED** to Present Testimony of a Summary Witness (ECF No. 57).

Government Case Agents Salazar and Naito **ARE PERMITTED** to remain at counsel table throughout trial (ECF No. 58).

With the exception of Case Agents Salazar and Naito, the witness exclusionary rule applies (ECF No. 73).

Government **IS PERMITTED** to seek admission of business records pursuant to Fed. R. Evid. 803(6)(D) and 902(11).

IT IS SO ORDERED.

Dated: April 20, 2018, Honolulu, Hawaii.

Helen Gillmor
United States District Judge