IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 17-00001 HG-01 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SHEILA HARRIS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**ORDER GRANTING GOVERNMENT'S MOTION IN LIMINE TO ADMIT EVIDENCE OF SCHEME TO DEFRAUD (ECF No. 55)**

**and**

**DENYING DEFENDANT'S MOTION TO EXCLUDE EVIDENCE PURSUANT TO FED. R. EVID. 404(b) (ECF No. 72)**

Defendant Sheila Harris is charged in the First Superseding Indictment with eleven counts of wire fraud, two counts of aggravated identity theft, and four counts of making a false statement with regards to health care.

Defendant is charged with devising a scheme and artifice to defraud and obtain money from Tricare, a health care program of the United States Department of Defense Military Health System. The Government explains the scheme as follows:

> The scheme began in July 2008, when Tricare dramatically reduced the speech therapy reimbursement amounts paid to Harris Therapy because of Harris Therapy's over billing for services. It continued through 2012, when Tricare audited Harris Therapy due to false billing complaints from a parent of a minor beneficiary. The counts in the indictment relate to 13

1

> patient beneficiaries and 4 speech therapy providers
> (known as speech language pathologists). The full
> scope of the scheme involved approximately 5,259
> falsified speech therapy sessions included in 2,328
> false claims submitted to Tricare, and over 90 minor
> beneficiaries.

(Gov't Motion in Limine at pp. 3-4, ECF No. 55).

## Government IS PERMITTED To Seek To Admit Evidence Of Scheme To Defraud

*The Government may seek to introduce evidence of the overall scheme to defraud Tricare for speech therapy services from 2008 to 2012.*

The Government seeks to introduce evidence of the overall scheme to defraud. The Government asserts the scheme took place from 2008 to 2012 and involved falsified billing and records for speech therapy services made to Tricare. The Government argues the evidence does not constitute other acts evidence pursuant to Federal Rule of Evidence 404(b). The Government states the evidence of the scheme to defraud is direct evidence of the charged scheme, an element of the crime.

Defendant is charged in the First Superseding Indictment with eleven counts of wire fraud. The elements of wire fraud are:

(1) the existence of a scheme to defraud;

(2) the use of wire, radio, or television to further the scheme; and,

(3) a specific intent to defraud.

2

United States v. Jinian, 725 F.3d 954, 960 (9th Cir. 2013).

One of the required elements for the Government to demonstrate, beyond a reasonable doubt, is the existence of a scheme to defraud. The Ninth Circuit Court of Appeals explained in United States v. Loftis, 843 F.3d 1173, 1176-77 (9th Cir. 2016) that in a wire fraud prosecution the Government may introduce evidence of uncharged transactions in order to prove the existence of a scheme to defraud. The appellate court explained that the commission of wire fraud necessarily includes a fraudulent scheme as a whole, including executions of the scheme that were not specifically charged by the government. Id. at 1177 (citing United States v. Lo, 839 F.3d 777, 793 (9th Cir. 2016)).

The Ninth Circuit Court of Appeals explained that the uncharged transactions are part of the charged wire fraud offense itself and are not "other acts" evidence pursuant to Federal Rule of Evidence 404(b). The Ninth Circuit Court of Appeals agreed with the holding by the Eleventh Circuit Court of Appeals in United States v. Smith, 685 F.2d 1293, 1294 (11th Cir. 1982) (per curiam). In Smith, the defendant was charged with four counts of presenting fraudulent claims to his insurance company. The appellate court held that the district court properly admitted evidence of uncharged transactions to the defendant's insurer because the transactions demonstrated the existence of a

fraudulent scheme.  Id. at 1176-77.  Just as in Smith, the Government in this case is able to introduce evidence of uncharged fraudulent transactions between Defendant and Tricare in order to demonstrate the existence of an overall scheme to defraud.

In addition, the evidence of uncharged transactions is also admissible to the extent the evidence is inextricably intertwined with the charged wire fraud transactions.  Loftis, 843 F.3d at 1178.

Contrary to Defendant's position, the statute of limitations does not bar the introduction of evidence of acts that occurred outside of the limitations period.  United States v. Mancuso, 718 F.3d 780, 790-91 (9th Cir. 2013) (citing United States v. Baker, 10 F.3d 1374, 1410 (9th Cir. 1993), overruled on other grounds by United States v. Norby, 225 F.3d 1053 (9th Cir. 2000)).

*The Government is permitted to seek the admission of evidence of uncharged transactions of falsified billing and records for speech therapy services made to Tricare between 2008 and 2012.*

## Government IS PERMITTED to Seek Admission of Other Acts Evidence Pursuant to Federal Rule of Evidence 404(b)

*The Government is permitted to seek admission of evidence of falsified records and billing for occupational and physical therapy sessions that were submitted to Tricare and other*

*insurers between 2008 and 2012.*

The Government filed a Notice of Intent to Use 404(b) Evidence. Federal Rule of Evidence 404(b) provides:

> **(b) Crimes, Wrongs, or Other Acts.**
>
> **(1) Prohibited Uses.** Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> **(2) Permitted Uses; Notice in a Criminal Case.** This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must:
> (A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and
> (B) do so before trial—or during trial if the court, for good cause, excuses lack of pretrial notice.

Fed. R. Evid. 404(b).

Here, the Government specifically seeks to introduce evidence of falsified therapists notes and falsified billing for occupational and physical therapy sessions that were submitted to Tricare and other insurers. The evidence constitutes "other acts" evidence because it is for occupational and physical therapy services, and it is not limited to claims to Tricare but includes other insurers. The First Superseding Indictment is limited to alleged false claims for speech therapy services

5

submitted to Tricare.

The Government contends the "other acts" evidence is admissible to show Defendant's motive, knowledge, intent, plan, identity, modus operendi, absence of mistake, or lack of accident.

The Ninth Circuit Court of Appeals has held that "other acts" evidence is admissible if:

(1)  it tends to prove a material point;

(2)  the other act is not too remote in time;

(3)  the evidence is sufficient to support a finding that defendant committed the other act; and,

(4)  the act is similar to the offense charged.

United States v. Bailey, 696 F.3d 798, 799 (9th Cir. 2012).

Here, the evidence that Defendant engaged in other fraudulent billing practices involving health care is material. It tends to prove motive, knowledge, intent, plan, modus operendi, absence of mistake, and lack of accident with respect to the claims for speech therapy submitted to Tricare.

The Ninth Circuit Court of Appeals has held that evidence of a history or pattern of similar transactions is probative in fraud cases and it is admissible to prove intent, plan, knowledge or absence of mistake. United States v. Decinces, 808 F.3d 785, 790 (9th Cir. 2015).

The other acts evidence as proffered by the Government are similar to the charged offenses and they are not too remote in

time. The other acts were conducted at the same time as the alleged scheme relating to speech therapy services. The Ninth Circuit Court of Appeals has found that similar fraudulent schemes and transactions are particularly relevant, just as here, when they occurred around the time span covered by the indictment. Id. (citing United States v. Lozano, 623 F.3d 1055, 1059-60 (9th Cir. 2010) (per curiam)).

The Government states that the other acts evidence consists of e-mail communications between the Defendant and other employees. The Government asserts that either the recipient or the sender will be able to authenticate the e-mail in order to sufficiently establish the Defendant's involvement.

The proffered evidence of other acts in this case is highly probative and is not substantially outweighed by a danger of confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence pursuant to Federal Rule of Evidence 403. United States v. Major, 676 F.3d 803, 809-10 (9th Cir. 2012); United States v. Ramirez, 176 F.3d 1179, 1182 (9th Cir. 1999).

*The Government may seek admission of other acts evidence relating to falsified billing and records for occupational and physical therapy submitted to Tricare and other insurers from 2008 to 2012.*

Defendant's Motion to Exclude Evidence Under 404(b) (ECF No.

7

72) is **DENIED**.

The Court will give an appropriate limiting instruction regarding admission of evidence pursuant to Fed. R. Evid. 404(b).

## CONCLUSION

Government's Motion for Admission of Evidence of Scheme to Defraud (ECF No. 55) is **GRANTED**.

Defendant's Motion to Exclude Evidence Under 404(b) (ECF No. 72) is **DENIED**.

IT IS SO ORDERED.

Dated: April 20, 2018, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

United States v. Sheila Harris, Crim. No. 17-00001 HG-01; **ORDER GRANTING GOVERNMENT'S MOTION IN LIMINE No. 4 (ECF No. 55) and DENYING DEFENDANT'S MOTION TO EXCLUDE EVIDENCE PURSUANT TO FED. R. EVID. 404(b) (ECF No. 72)**