IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 17-00001 HG-01 |
| Plaintiff, | ) | |
| vs. | ) | |
| SHEILA HARRIS, | ) | |
| Defendant. | ) | |

**ORDER GRANTING GOVERNMENT'S MOTION IN LIMINE TO PROSCRIBE THE USE OF INTERVIEW REPORTS (ECF No. 60)**

The Government seeks a ruling by the Court that the investigative reports prepared by the case agents are not statements, under the Jencks Act, of the person being interviewed. (ECF No. 60). The Government moves to preclude the Defendant from introducing contents of the reports to impeach Government witnesses during cross examination, publishing the contents to the jury, or otherwise suggesting to the jury that the reports are statements of the witnesses who did not write or adopt them. (Id.)

A "statement" under the Jencks Act includes:

(1) a written statement made by said witness and signed or otherwise adopted or approved by him;

(2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement; or

1

> (3) a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury.

18 U.S.C. § 3500.

Under the Jencks Act, the interview summaries do not qualify as "statements" of any of the witnesses who were interviewed. It would be unfair to allow the Defendant to use interview summaries that are the product of the investigator's selections, interpretations, and interpolations as prior inconsistent statements. <u>Palermo v. United States</u>, 360 U.S. 343, 350 (1959). The Defendant may not quote from, publish, or suggest to the jury in any way that the contents of an interview summary is a statement of the witness who was interviewed.

The interview summaries are writings under Fed. R. Evid. 612 and may be used to refresh the recollection of a witness if necessary. The Court retains the discretion to determine what constitutes a lack of recollection in a witness. <u>United States v. Frederick</u>, 78 F.3d 1370, 1376-77 (9th Cir. 1996). The writing shown to the witness must be reasonably calculated to revive the witness's present recollection. <u>United States v. Socony-Vacuum Oil Co.</u>, 310 U.S. 150, 236 (1940). Refreshing of recollection as subterfuge for suggestion or impeachment is not allowed. See <u>United States v. Ragghianti</u>, 560 F.2d 1376, 1380-81 (9th Cir. 1977). If the Defendant is unsatisfied with the witness's answer, Defendant may not publish or introduce the contents of the

interview summary as a prior inconsistent statement. United States v. Kot, No. 2:10-CR-00280-KJD, 2012 WL 1657118, at *2 (D. Nev. May 10, 2012), aff'd, 583 F. App'x 716 (9th Cir. 2014)(citing United States v. Brika, 416 F.3d 514, 529 (6th Cir. 2005); United States v. Leonardi, 623 F.2d 746, 756-757 (2d Cir. 1980); United States v. Hill, 526 F.2d 1019, 1025-26 (10th Cir. 1975)).

The interview summaries constitute double hearsay. First, the report itself is hearsay. Second, the agent's summary of what a witness said in an interview is hearsay. To the extent that any of the exceptions to the rule against hearsay apply, they apply only to the agent with reference to the parts of entries which result from the agent's own observations and knowledge. United States v. Pazsint, 703 F.2d 420, 424 (9th Cir. 1983) (citing United States v. Sims, 617 F.2d 1371, 1377 (9th Cir. 1980); United States v. Smith, 521 F.2d 957, 964 (D.C. Cir. 1975); Colvin v. United States, 479 F.2d 998, 1003 (9th Cir. 1973)). None of the exceptions to the rule against hearsay apply to the agent's summary of what a witness said in an interview. Those portions of the interview summaries are inadmissible. Pazsint, 703 F.2d at 424; United States v. Mackey, 117 F.3d 24, 28-29 (1st Cir. 1997).

**CONCLUSION**

The Government's Motion in Limine No. 8 (ECF No. 60) is **GRANTED**.

IT IS SO ORDERED.

Dated: April 25, 2018, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

United States v. Sheila Harris, Crim. No. 17-00001 HG-01; **ORDER GRANTING GOVERNMENT'S MOTION IN LIMINE TO PROSCRIBE THE USE OF INTERVIEW REPORTS (ECF No. 60)**

4