IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CR. NO. 17-00001 HG-01 |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| SHEILA HARRIS, | ) | |
| Defendant. | ) | |

**ORDER RULING ON DEFINITION OF MATERIAL**

The United States Supreme Court has held that a false statement is material in a criminal prosecution for fraud if it has "a natural tendency to influence or [is] capable of influencing, the decision of the decisionmaking body to which it was addressed." Neder v. United States, 527 U.S. 1, 16 (1999).

The Model Instructions from the Ninth Circuit Court of Appeals and the Fifth Circuit Court of Appeals have adopted nearly identical language for use in their jury instructions for Wire Fraud and False Statements Relating to Health Care Matters. See Ninth Circuit Court of Appeals Criminal Model Instruction 8.124; Fifth Circuit Court of Appeals Criminal Model Instruction 2.50.

Defendant seeks to modify the jury instructions based on language from a civil case issued by the United States Supreme Court. In Universal Health Services, Inc. v. United States ex rel. Escobar, 136 S.Ct. 1989, 2002 (2016), the United States

1

Supreme Court discussed the term "material" in the context of a False Claims Act *qui tam* lawsuit brought by the United States Government. A patient had died while being treated at a mental health clinic by unlicensed staff in violation of Medicaid regulations. Id. at 1995-97. The Supreme Court reviewed the civil liability that may be imposed under such circumstances. The Court found that in the context of the False Claims Act, "proof of materiality can include, but is not necessarily limited to, evidence that the defendant knows that the Government consistently refuses to pay claims in the mine run of cases based on noncompliance with the particular statutory, regulatory, or contractual requirement." Id. at 2003-04. Defendant seeks to extend the holding in Escobar to alter the decades-old objective standard for evaluating the materiality of a false statement set forth in Neder.

The Ninth Circuit Court of Appeals has specifically reviewed the decision in Escobar with respect to its discussion of "material." The Ninth Circuit granted a rehearing of United States v. Lindsey, 854 F.3d 1047 (9th Cir. 2017) in order to consider the holding in Escobar in the context of a wire fraud criminal prosecution.

The Ninth Circuit Court of Appeals found that in a wire fraud criminal case, the "element of materiality is evaluated under an objective test." United States v. Lindsey, 850 F.3d 1009, 1014 (9th Cir. 2017). The appellate court found that "a

2

false statement is material if it has a natural tendency to influence, or is capable of influencing, the decision of the decisionmaking body to which it was addressed." Id. at 1013-14 (quoting Neder v. United States, 527 U.S. 1, 16 (1999)) (internal quotation marks omitted).

The Ninth Circuit Court of Appeals distinguished the holding in Escobar in Lindsey II. United States v. Lindsey (Lindsey II), 850 F.3d 1009, 1015-18 (9th Cir. 2017). The holding in Lindsey II sets forth that materiality is considered under an objective standard, and it is evidence of a widespread practice, not of the individual behavior of a specific decision-maker, that establishes materiality. Id. at 1016. Materiality measures the "natural capacity to influence, not whether the statement actually influenced any decision." Id. at 1017.

Other courts have found that the United States Supreme Court's decision in Escobar does not alter the objective standard for materiality in wire fraud criminal prosecutions. The Fourth Circuit Court of Appeals adopted the Ninth Circuit Court of Appeals' holding in Lindsey and upheld the use of the standard definition of material pursuant to Neder. United States v. Raza, 876 F.3d 604, 621 (4th Cir. 2017); see United States v. Ferriero, 866 F.3d 107, 120 (3rd Cir. 2017). Another decision from the District Court for the District of Hawaii also held that the objective standard set forth in the Neder decision remains the definition of "material" in criminal prosecutions. Shin v.

3

United States, Cr. No. 04-00150SOM, Civ. No. 15-00377SOM-RLP, 2017 WL 2802866, *12 (D. Haw. June 28, 2017) (finding that the "reasoning of Escobar and Lindsey II make it clear that materiality continues to be measured under an objective standard").

**CONCLUSION**

The Court will provide the Model Instructions' definitions of "material" in the jury instructions.

IT IS SO ORDERED.

Dated: May 8, 2018, Honolulu, Hawaii.



Helen Gillmor
United States District Judge