IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
UNITED STATES OF AMERICA,     )   CR. NO. 17-00001 HG-01
                              )
          Plaintiff,          )
                              )
     vs.                      )
                              )
SHEILA HARRIS,                )
                              )
          Defendant.          )
_____)
```

**ORDER RULING ON THE AIDING AND ABETTING JURY INSTRUCTION**

The Government requests a jury instruction to support a theory of liability by aiding and abetting pursuant to 18 U.S.C. § 2(b).

18 U.S.C. § 2(b) provides:

> Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

"[A]iding and abetting is not a separate offense; instead, the section makes punishable as a principal one who aids or abets another in the commission of a substantive offense." United States v. Causey, 835 F.2d 1289, 1291 (9th Cir. 1987) (internal quotation marks omitted).

Aiding and abetting pursuant to 18 U.S.C. § 2(b) does not require the Government to prove that someone other than the defendant was guilty of the substantive crime. Id. Section 2(b) punishes the individual who causes a criminal act, because no crime would take place without his or her participation. Id.

1

The Ninth Circuit Court of Appeals has held that a defendant can be convicted as an aider and abettor even if she causes an innocent intermediary, who lacks criminal intent, to commit the ultimate offense. United States v. Johnson, 132 F.3d 1279, 1285 (9th Cir. 1997); United States v. Rendon-Agudelo, 476 Fed. Appx. 685 (9th Cir. June 5, 2012).

In United States v. Syjuco, Cr. 12-00037-RT, 2013 WL 12218388, at *2 (C.D. Cal. Oct. 22, 2013), the District Court for the Central District of California used a jury instruction for the government's theory of liability pursuant to 18 U.S.C. § 2(b). The jury instruction provided:

> A defendant may be found guilty of the crimes charged in Counts Two, Three, Four, or Five of the Indictment, even if the defendant personally did not commit the act or acts constituting the crimes, but only aided and abetted in their commission.
> That is, whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States is punishable as a principal. However, the government need not prove that someone other than the defendant was guilty of the substantive crime. A person who causes the commission of an offense is punishable as a principal even though the person who completes the wrongful act violates no criminal statute because of lack of criminal intent or capacity. One who puts in motion or causes the commission of an indispensable element of an offense by an innocent agent or instrumentality is guilty as a principal.

On appeal, in United States v. Ubaldo, 859 F.3d 690, 705 (9th Cir. 2017), the Ninth Circuit Court of Appeals reviewed the jury instruction provided by the Central District of California. The appellate court ruled that the jury instruction was appropriate and consistent with its holding as to 18 U.S.C. §

2(b) in <u>United States v. Causey</u>.  The Ninth Circuit Court of Appeals explained:

> The instructions given adequately covered the law regarding the elements necessary to find Defendants guilty of causing the importation of weapons into the United States under § 2(b) and were consistent with our ruling in <u>Causey</u>.  See <u>Causey</u>, 835 F.2d at 1292 (holding that a violation of § 2(b) occurs when an individual "*puts in motion or ... causes* the commission of an indispensable element of the offense") (emphasis added).  Defendants were criminally liable for willfully violating § 2(b) because they "put[] in motion or assist[ed] in ... the commission of an indispensable element of the offense."  <u>Id.</u>

<u>Ubaldo</u>, 859 F.3d at 705-06.

## **CONCLUSION**

The Court will provide a jury instruction for aiding and abetting pursuant to 18 U.S.C. § 2(b) as upheld by the Ninth Circuit Court of Appeals in <u>United States v. Ubaldo</u>, 859 F.3d 690, 705-06 (9th Cir. 2017).

IT IS SO ORDERED.

Dated: May 8, 2018, Honolulu, Hawaii.



Helen Gillmor
United States District Judge