IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 17-00001 HG-01 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SHEILA HARRIS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER ON FORFEITURE**


On May 24, 2017, the grand jury returned the First

Superseding Indictment, charging Defendant Sheila Harris as

follows:

> **Counts 1-11 for Wire Fraud** in violation of 18 U.S.C. §
> 1343;
>
> **Counts 12-13 for Aggravated Identity Theft** in violation
> of 18 U.S.C. § 1028A(a)(1); and
>
> **Counts 14-17 for False Statements Relating To Health
> Care Matters** in violation of 18 U.S.C. § 1035(a)(2).


The First Superseding Indictment also contained Forfeiture

Allegations relating to Counts 1 through 11 for Wire Fraud.

On May 10, 2018, following a ten-day trial, the jury found

Defendant Sheila Harris guilty on all Counts, 1 through 17, of

the First Superseding Indictment.

Following the verdict, the Government filed a proposed

Forfeiture Order, seeking a money judgment in the amount of

$320,641, "which represents property that constitutes or is

1

derived from proceeds traceable to the commission of the offenses of which defendant Sheila Harris has been found guilty, namely [wire fraud] violations of 18 U.S.C. § 1343, and that is accordingly subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)."

Defendant opposed the Government's proposed order of forfeiture.

On October 29, 2018, the Court held a forfeiture hearing. The Court ruled at the hearing that the Government's proposed Forfeiture Order and its calculations for the amount of money judgment were proper. The Court signed and filed the Forfeiture Order.

This Order sets forth the written basis for the oral rulings rendered at the Forfeiture Hearing on October 29, 2018.

## PROCEDURAL HISTORY

On May 24, 2017, the grand jury returned the First Superseding Indictment. (ECF No. 17).

On April 10, 2018, the Government filed GOVERNMENT'S NOTICE OF FORFEITURE PROCEEDINGS. (ECF No. 94).

On May 10, 2018, following a ten-day trial, the jury found Defendant guilty of all Counts, 1-17, in the First Superseding Indictment. (ECF No. 152).

On May 23, 2018, the Government submitted a proposed Forfeiture Order and filed the GOVERNMENT'S BRIEF CONCERNING THE

CALCULATION OF THE AMOUNT OF THE FORFEITURE MONEY JUDGMENT. (ECF No. 159).

On June 6, 2018, the Court issued a briefing schedule and permitted the Defendant until July 6, 2018 to file her response to the Government's brief and proposed order. (ECF No. 160).

On June 25, 2018, Defendant filed a Motion to Continue. (ECF No. 161).

On July 2, 2018, the Court issued a Minute Order granting Defendant's Motion to Continue, in part, and denying the Motion, in part. (ECF No. 164).

On July 30, 2018, Attorney Georgia McMillen filed a proposed stipulation to substitute counsel on behalf of Defendant. (ECF No. 167).

On July 31, 2018, Defendant's Attorney, Victor Bakke, filed a Motion to Withdraw as Counsel. (ECF No. 168).

On August 6, 2018, Attorney Bakke filed an Opposition to the Government's Proposed Order of Forfeiture and a Request for a Forfeiture Hearing on Defendant Harris' behalf. (ECF No. 170).

On August 10, 2018, the Court issued a Minute Order setting a hearing for August 20, 2018 to discuss Attorney Bakke's Motion to Withdraw as Counsel and Defendant's Request for a Forfeiture Hearing. (ECF No. 172).

On August 14, 2018, Attorney Bakke filed another Motion to Continue. (ECF No. 174).

On August 15, 2018, the Court granted Attorney Bakke's

Second Motion to Continue.  (ECF No. 175).

On September 4, 2018, the Court held a hearing.  (ECF No. 189).  The Court granted Attorney Bakke's Motion to Withdraw as Counsel.  The Court granted Attorney McMillen's request to substitute as counsel and also granted Attorney Ronald W. Chapman, II's Motion to Appear Pro Hac Vice.  (Id.)

Defendant's new counsel requested to withdraw the Opposition filed by Attorney Bakke to the Government's Proposed Forfeiture Order.  The Court granted the request to withdraw the previously filed opposition.  (ECF No. 170).  The Court granted the Defendant's request for a Forfeiture Hearing and set a briefing schedule to allow new counsel to respond to the Government's Proposed Forfeiture Order.  (ECF No. 189).

On October 1, 2018, Defendant filed DEFENDANT SHEILA HARRIS' MEMORANDUM IN OPPOSITION TO GOVERNMENT'S BRIEF CONCERNING THE CALCULATION OF THE AMOUNT OF THE FORFEITURE MONEY JUDGMENT.  (ECF No. 191).

On October 16, 2018, the Government filed GOVERNMENT'S RESPONSE CONCERNING FORFEITURE TO DEFENDANT SHEILA HARRIS' MEMORANDUM IN OPPOSITION TO GOVERNMENT'S BRIEF CONCERNING THE CALCULATION OF THE AMOUNT OF THE FORFEITURE MONEY JUDGMENT.  (ECF No. 192).

On October 23, 2018, Defendant filed DEFENDANT SHEILA HARRIS' REPLY TO GOVERNMENT'S RESPONSE CONCERNING FORFEITURE TO DEFENDANT'S MEMORANDUM IN OPPOSITION TO GOVERNMENT'S BRIEF

CONCERNING THE CALCULATION OF THE AMOUNT OF THE FORFEITURE MONEY
JUDGMENT.  (ECF No. 193).

On October 29, 2018, the Court held a Forfeiture Hearing.
(ECF No. 194).

On October 30, 2018, the Court issued an ORDER OF
FORFEITURE.  (ECF No. 195).

## STANDARD OF REVIEW

Federal Rule of Criminal Procedure 32.2 and 21 U.S.C. § 853
govern criminal forfeiture proceedings.  See Fed. R. Crim. P.
32.2; 31 U.S.C. § 5317(c)(1)(B); 18 U.S.C. § 982(b)(1).

Pursuant to Federal Rule of Criminal Procedure
32.2(b)(1)(A), following a finding of guilt, the Court must
determine what property is subject to forfeiture under the
applicable statute "as soon as practical."

If the Government seeks a personal money judgment, the Court
must determine the amount of money that the defendant will be
ordered to pay.  Fed. R. Crim. P. 32.2(b)(1)(A).  The Court's
determination may be based on evidence already in the record and
on any additional evidence or information submitted by the
parties and accepted by the Court as relevant and reliable.  Fed.
R. Crim. P. 32.2(b)(1)(B).

A forfeiture proceeding is part of sentencing.  United
States v. Christensen, 828 F.3d 763, 821 (9th Cir. 2015); United
States v. Haleamau, 887 F.Supp.2d 1051, 1054 (D. Haw. 2012).  The

preponderance of the evidence standard, therefore, applies to the forfeiture proceedings.  <u>Libretti v. United States</u>, 516 U.S. 29, 49 (1995).

## ANALYSIS

The Government submitted a Proposed Forfeiture Order requesting a money judgment in the amount of $320,641.00.  The amount constitutes the proceeds traceable to the entire scheme to defraud TRICARE that Defendant Harris was found guilty of committing.

Defendant is attempting to challenge the Government's Proposed Forfeiture Order on two main bases.

<u>First</u>, Defendant claims that notice of forfeiture was not proper.  She claims that the Government did not provide the correct statutory basis to seek forfeiture for violations of Wire Fraud.

<u>Second</u>, Defendant argues that the Government's forfeiture calculation is not reliable.

Neither of Defendant's arguments have merit.

Defendant's arguments regarding the statutory basis for forfeiture have been rejected by numerous courts.  The Ninth Circuit Court of Appeals has specifically ruled that criminal forfeiture for Wire Fraud violations is authorized pursuant to the two statutes cited by the Government in the First Superseding Indictment.  <u>United States v. Lo</u>, 839 F.3d 777, 791 (9th Cir.

2016) (finding criminal forfeiture is authorized for wire fraud where the government includes a criminal forfeiture allegation pursuant to 18 U.S.C. § 981 and 28 U.S.C. § 2461(c), even though Section 981 typically governs civil, rather than criminal forfeiture).

Defendant's arguments regarding the Government's forfeiture calculations are also meritless. Defendant, with the assistance of new counsel, essentially seeks to retry the ten-day jury trial. Defendant seeks to recall witnesses and challenge the evidence that the jury relied upon in finding Defendant guilty of all the counts in the First Superseding Indictment. Defendant has provided no basis to invalidate any of the evidence the jury relied upon in reaching its verdict.

The Government properly calculated the amount of forfeiture based on the evidence adduced at trial. The forfeiture calculation properly includes the entire scheme to defraud that the jury concluded Defendant Harris conducted.

## I. The Government Provided Proper Notice That It Intended To Seek Forfeiture Of The Entire Proceeds Of Defendant's Wire Fraud Scheme Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)

The First Superseding Indictment contained forfeiture allegations in paragraphs 22 through 24, as follows:

>    22.   The allegations contained in all paragraphs of Counts 1 through 11 [of the First Superseding Indictment] are incorporated by

reference for the purpose of noticing forfeitures pursuant to Title 28, United States Code, Section 2461(c).

23.   The United States hereby gives notice to Defendant SHEILA HARRIS that, upon conviction of the offenses charged in Counts 1 through 11 of this first superseding indictment, the government will seek forfeiture, in accordance with Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 981(a)(1)(C), of any and all property, real or personal, that constitutes or is derived from proceeds traceable to the violations of Title 18, United States Code, Section 1343, alleged in Counts 1 through 11 of this first superseding indictment.

24.   If by any act of omission of the defendant, any of the property subject to forfeiture described in paragraph 23 herein:

     a.   cannot be located upon the exercise of due diligence;

     b.   has been transferred or sold to, or deposited with, a third party;

     c.   has been placed beyond the jurisdiction of the court;

     d.   has been substantially diminished in value; or

     e.   has been commingled with other property which cannot be subdivided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property up to the value of the property described above in paragraph 23, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

(First Superseding Indictment at ¶¶ 22-24, ECF No. 17).

Defendant was provided with further notice, on April 10,

2018, when the Government filed a Notice of Forfeiture. (ECF No. 94).

The Notice of Forfeiture set forth the Government's legal basis for seeking forfeiture in this case. The Notice clarified that the Government was not seeking "any specific assets; it simply provides notice that the United States seeks imposition of a money judgment." (Id. at p. 2).

On May 10, 2018, Defendant Sheila Harris was convicted of 11 counts of Wire Fraud in violation of 18 U.S.C. § 1343. (ECF No. 152).

The Government seeks a money judgment requiring Defendant Harris to forfeit the proceeds of the scheme to defraud for which she was convicted.

Defendant Harris claims that the Government did not provide her with proper notice that the Government was seeking forfeiture for the wire fraud charges. Specifically, Defendant claims that the Government did not cite the correct statute when it provided its notice and therefore should be barred from seeking forfeiture.

A.    **28 U.S.C. § 2461(c) Allows For Criminal Forfeiture For A Violation Of A Federal Statute For Which Either Civil Or Criminal Forfeiture Of Property Is Authorized**

Title 18 of the United States Code separates civil and criminal forfeiture into two different sections. Section 981 covers civil forfeiture. Section 982 covers criminal forfeiture.

See 18 U.S.C. §§ 981-982.

Defendant argues that the Government should have cited to Section 982 in its forfeiture allegations instead of citing to Section 981, which allows for civil forfeiture. Defendant is incorrect.

Defendant's argument ignores another federal statute, 28 U.S.C. § 2461(c).[1] 28 U.S.C. § 2461(c) explains that the Government may seek criminal forfeiture for a violation of any federal statute "for which the civil or criminal forfeiture or property is authorized." United States v. Pollard, 850 F.3d 1038, 1041-42 (9th Cir. 2017). Section 2461(c) works in conjunction with Sections 981 and 982 and does not invalidate any provisions of either section.

Such arguments challenging Section 2461(c)'s application in criminal forfeiture have been uniformly rejected. United States v. Day, 524 F.3d 1361, 1374-76 (D.C. Cir. 2008) (citing United States v. Vampire Nation, 451 F.3d 189, 199 (3d Cir. 2006)); United States v. Hampton, 732 F.3d 687, 691 (6th Cir. 2013); see also United States v. Nagin, 810 F.3d 348, 352-53 (5th Cir.

---

[1] 28 U.S.C. § 2461(c) provides:

If a person is charged in a criminal case with a violation of an Act of Congress for which the civil or criminal forfeiture of property is authorized, the Government may include notice of the forfeiture in the indictment or information pursuant to the Federal Rules of Criminal Procedure. If the defendant is convicted of the offense giving rise to the forfeiture, the court shall order the forfeiture of the property as part of the sentence in the criminal case....

2016); <u>United States v. Blackman</u>, 746 F.3d 137, 143 (4th Cir. 2014).

The Ninth Circuit Court of Appeals has held that under the plain meaning of 28 U.S.C. § 2461(c), the Government has statutory authority to seek criminal forfeiture against a defendant if it has the authority to seek civil forfeiture for the statute of offense under which she was convicted. <u>Pollard</u>, 850 F.3d at 1041-42.

The Ninth Circuit Court of Appeals has explained that "where the government includes a criminal forfeiture allegation pursuant to 18 U.S.C. § 981 and 28 U.S.C. § 2461(c), forfeiture is authorized under § 981 even though that section typically governs civil, rather than criminal forfeiture." <u>United States v. Lo</u>, 839 F.3d 777, 791 (9th Cir. 2016).

Here, the Court is required to order forfeiture as long as the Government included notice of the forfeiture in the indictment and Defendant Harris was convicted of an offense for which Section 981 authorizes forfeiture. <u>Id.</u>

The Government noticed to Defendant Harris that it sought forfeiture relating to the entire scheme to defraud relating to Counts 1 through 11 for Wire Fraud, a violation of 18 U.S.C. § 1343. The Court examines whether the Government has statutory authority to seek either civil or criminal forfeiture for such violations:

**B.    18 U.S.C. § 981(a)(1)(C) Authorizes Forfeiture For Violations Of The Wire Fraud Statute**

18 U.S.C. § 981(a)(1)(C) subjects property to civil forfeiture if it is obtained in violation of various listed statutes or if it is obtained as a result of "any offense constituting a 'specified unlawful activity' (as defined in section 1956(c)(7) of this title."[2]

"Specified unlawful activity" is defined as any act or activity constituting an offense listed in 18 U.S.C. § 1961(a). 18 U.S.C. § 1956(c)(7)(A).

Looking to the definitions in Section 1961(a), there are dozens of federal statutes provided as constituting a specified unlawful activity, including "section 1343 (relating to wire fraud)." 18 U.S.C. § 1961(a)(1).

While many statutes are involved, it is clear that Congress intended that Section 981(a)(1)(C) authorizes the forfeiture of proceeds that are traceable to a violation of Wire Fraud, 18

_____

[2] 18 U.S.C. 981(a)(1)(C) provides, in pertinent part:

The following property is subject to forfeiture to the United States:

(C)  Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of section 215, 471, 472, 473, 474, 476, 477, 478, 479, 480, 481, 485, 486, 487, 488, 501, 502, 510, 542, 545, 656, 657, 670, 842, 844, 1005, 1006, 1007, 1014, 1028, 1029, 1030, 1032, or 1344 of this title or any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

U.S.C. § 1343.  <u>United States v. Day</u>, 524 F.3d 1361, 1374-75

(D.C. Cir. 2008); <u>see</u> U.S.C. § 1956(7) (referencing 18 U.S.C. §

1961(1) that lists wire fraud).

The combined operation of 18 U.S.C. § 981(a)(1)(C) and 28

U.S.C. § 2461(c) authorizes personal money judgments as a form of

criminal forfeiture for violations of the wire fraud statute.

<u>Lo</u>, 839 F.3d at 791 (permitting criminal forfeiture for wire

fraud violations pursuant to 18 U.S.C. § 981(a)(1)(C) and 28

U.S.C. § 2461(c); <u>United States v. Newman</u>, 659 F.3d 1235, 1242-43

(9th Cir. 2011); <u>United States v. Hampton</u>, 732 F.3d 687, 697 (6th

Cir. 2013) (finding forfeiture "arising from conviction for

general wire fraud is authorized by § 2461(c)'s incorporation of

the provision authorizing civil forfeiture" in 18 U.S.C. §

981(a)(1)(C)).

## II.  The Government's Forfeiture Calculations Are Proper

The purpose of the forfeiture laws is to ensure that

criminal defendants do not profit from their criminal conduct.

<u>United States v. Monsanto</u>, 491 U.S. 600, 607 (1989); <u>United

States v. Johnston</u>, 199 F.3d 1015, 1023 (9th Cir. 1999).

In this case, a forfeiture money judgment is sought by the

Government.  The Court, not the jury, determines the amount of

the money judgment.  <u>Libretti v. United States</u>, 516 U.S. 29, 49

(1995); <u>United States v. Phillips</u>, 704 F.3d 754, 771 (9th Cir.

2012).

The Government seeks forfeiture based on the jury's verdict

finding Defendant Sheila Harris guilty of Counts 1-11 for committing Wire Fraud in violation of 18 U.S.C. § 1343. The Government seeks a forfeiture money judgment in the amount of $320,641. The Government seeks the proceeds traceable to the Wire Fraud convictions.

The Government argues that $320,641 is appropriate for forfeiture because Defendant Sheila Harris should not be able to profit from her engagement in a scheme to defraud the TRICARE health care benefits program for the United States Department of Defense. The money judgment calculation consists of:

(1) $234,950 TRICARE paid to Defendant Harris for fraudulently billed services for speech therapy between July 28, 2008 and December 31, 2011.

Evidence at trial demonstrated that speech therapy services were regularly provided to children of TRICARE beneficiaries on one date but the beneficiaries were billed for two separate days.

The fraudulent billing by Defendant Harris resulted in two payments to Defendant when she was only entitled to one payment. The $234,950.00 forfeiture calculation consists of the second, consecutive dates that were fraudulently billed.

(2) $85,692 TRICARE paid to Defendant Harris for fraudulently billed services stating that Kara Spheeris was the rendering speech therapy provider between July 2, 2010 and September 15, 2012.

Evidence at trial demonstrated that Ms. Spheeris was on maternity leave from July 2, 2010 and September 15, 2012 and did not provide any speech therapy services for Harris Therapy during that time.

Evidence at trial demonstrated that Defendant Harris knew Ms. Spheeris was not providing services but Harris Therapy billed TRICARE with Ms. Spheeris' credentials and provider information between July 2, 2010 and September 15, 2012 in order to receive payments from TRICARE.

**A. Defendant Is Responsible For The Entire Proceeds She Obtained As A Result Of The Wire Fraud Scheme**

**1. "Proceeds"**

The Government is authorized to seek forfeiture of "any property, real or personal, which constitutes or is derived from proceeds traceable to a violation" of Wire Fraud. 18 U.S.C. § 981(a)(1)(C); see 28 U.S.C. § 2461(c) (citing 18 U.S.C. § 1956(c)(7) that cross-references 18 U.S.C. § 1961(a)(1)).

The term "proceeds" is defined in part as "property of any kind obtained directly or indirectly, as the result of the commission of the [Wire Fraud] offense giving rise to forfeiture, and any property traceable thereto, and is not limited to the net gain or profit realized from the offense." 18 U.S.C. § 981(a)(2)(A).

The amount of forfeiture is not what the Defendant earned as a result but what was "obtained" as a result of the commission of the offense and it is expressly not limited by net gain or profit. Lo, 839 F.3d at 791.

**2. Entire Wire Fraud Scheme Subject To Forfeiture, Not Just The Transactions Charged In The First Superseding Indictment**

Defendant argues that the Government is limited to forfeit only the specific false amounts claimed in the particular wire communications charged in Counts 1 through 11 of the First Superseding Indictment. She claims it cannot forfeit the

proceeds for the entire scheme to defraud.

Defendant's argument is foreclosed by established precedent in the Ninth Circuit. In Lo, 839 F.3d at 793, the Ninth Circuit Court of Appeals explained that the language of the forfeiture statute, the same statute at issue here, "broadly makes forfeitable any property, obtained by the defendant directly or indirectly, as a result of the commission of a mail fraud or wire fraud offense." The appellate court explained that proceeds from wire fraud necessarily includes a fraudulent scheme as a whole, and the proceeds of the crime of conviction consist of the funds involved in the entire fraudulent scheme, including any additional executions of the scheme that were not specifically charged. Lo, 839 F.3d at 793.

Contrary to Defendant's position, the Government was not required to specify the dollar amount that it sought to forfeit in the First Superseding Indictment. Fed. R. Crim. P. 32.2(a); Lo, 839 F.3d at 791; United States v. Lazarenko, 504 F.Supp.2d 791, 796-97 (N.D. Cal. 2007).

### 3. Wire Fraud Statute Of Limitations Does Not Limit Forfeiture Amount

Defendant further argues that the Government is precluded from seeking to forfeit any fraudulent claims prior to October 2010 due to the six-year statute of limitations for Wire Fraud.

The Defendant's argument is not persuasive. Forfeiture is not a substantive criminal offense, but it is part of sentencing.

United States v. Christensen, 828 F.3d 763, 821 (9th Cir. 2015).
The First Superseding Indictment specifically charged that the
Wire Fraud scheme began on a date unknown to the grand jury, but
at least by October 2010.

It is well-settled that defendants must forfeit the total
proceeds of the scheme to defraud.  Lo, 839 F.3d at 793-94;
United States v. Venturella, 585 F.3d 1013, 1017 (7th Cir. 2009);
United States v. Capoccia, 503 F.3d 103, 117 (2d Cir. 2007).

Here, the Court specifically ruled that the Government was
permitted to introduce evidence of the entire scheme to defraud.
(ORDER GRANTING GOVERNMENT'S MOTION IN LIMINE TO ADMIT EVIDENCE
OF SCHEME TO DEFRAUD AND DENYING DEFENDANT'S MOTION TO EXCLUDE
EVIDENCE PURSUANT TO FED. R. EVID. 404(b), ECF No. 116).

At trial, the Government introduced evidence that the
Defendant's scheme to defraud occurred between July 28, 2008 and
September 15, 2012.

There is no particular statute of limitations for forfeiture
and a criminal defendant may not benefit and keep the proceeds of
part of the scheme to defraud because some transactions occurred
outside the substantive crime's statute of limitations.  United
States v. Sigillito, 899 F.Supp.2d 850, 861 (E.D. Mo. 2012)
(aff'd United States v. Sigillito, 759 F.3d 913 (8th Cir. 2014)).

The Fifth Circuit Court of Appeals specifically addressed a
nearly identical statute of limitations argument in United States
v. Reed,    F.3d   , 2018 WL 5782615, *15 (5th Cir. Nov. 5,
2018).  In Reed, the district court ruled that the defendant was

17

required to forfeiture the proceeds from an entire 20-year scheme to defraud as a result of his mail fraud convictions.

On appeal, the Fifth Circuit Court of Appeal upheld the forfeiture finding. The appellate court explained that there was no error in finding that the defendant "had engaged in a continuing scheme over 20 years." Id. at *15. The appeals court rejected the defendant's argument that the forfeiture was limited to a five-year statute of limitations based on the statute of limitations for mail fraud. Id. at *16. The appellate court explained that there was no statute of limitations applicable to the forfeiture and "the district court was entitled to impose forfeiture on all proceeds from [the defendant's] continuous criminal scheme—including those that fell outside the five-year limitations period for mail fraud." Id.

The Government's forfeiture order properly includes calculations based on Defendant's entire scheme to defraud between July 28, 2008 and September 15, 2012 as to Counts 1 through 11 in the First Superseding Indictment.

### B. The Government's Calculation Of $234,950 For Fraudulently Billed Consecutive Dates Of Service Is Proper

The Government seeks to forfeit $234,950 in total payments made to Defendant Harris for claims for fraudulently-billed consecutive dates of service between July 28, 2008 and December 31, 2011.

Federal Bureau of Investigation Special Agent Laura Salazar testified at trial that the Government analyzed the claims submitted by Defendant Harris to TRICARE under speech therapy treatment code 92507 between July 28, 2008 and December 31, 2011. The Government identified the pattern of consecutive dates of service in the data obtained from TRICARE. The data demonstrates that Defendant made claims for two dates of service when only one date of service was rendered and also made claims for four dates of service when only two dates of service were rendered.

The Government introduced evidence from the parents of the children who received the services. The parents uniformly testified that their own recollections and personal records, including calendars, did not match the billing records from Defendant. The parents explained that Defendant consistently double billed TRICARE for services that were rendered whereby Defendant was paid for two services when only one service was rendered. The parents explained that this generally happened where speech therapy service was rendered on one particular date but TRICARE was billed for services on the particular date along with an additional date of service on the date following the date services were actually rendered.

The speech therapists and support staff also testified consistently with the billing practices that were testified to by the parents. The speech therapists and Harris Therapy employees testified that Defendant Harris instructed them to bill for two dates of services even though only one date of service was

provided to the beneficiaries.

The Government seeks forfeiture of $232,027 in fraudulent payments made to Defendant for these fraudulent consecutive dates of billings in addition to $2,923 in cost-share and co-payments made by the beneficiaries to the Defendant for a total of **$234,950.** (Gov't Ex. A, Total Amounts Paid to Harris Therapy for Consecutive Claims for Speech Therapy Code 92507 from TRICARE, ECF No. 159-1; Gov't Ex. C, Total Amounts Paid To Harris Therapy For Cost-Share And Co-Pays for Consecutive Claims for Speech Therapy Code 92507, ECF No. 159-3).

### C. The Government's Calculation Of $85,691 For Fraudulently Billed Services Falsely Presented As Provided By Kara Spheeris Is Proper

The Government also seeks forfeiture of $85,691 in payments to Defendant from TRICARE for speech therapy treatment sessions that Defendant billed between July 2, 2010 and September 15, 2012, listing the rendering provider as Kara Spheeris even though she was not working and on maternity leave between those dates.

At trial, Kara Spheeris testified that she did not provide any services while she was on maternity leave between July 2, 2010 and September 15, 2012.

The Government provided evidence and testimony at trial that Defendant Harris directed that Kara Spheeris' credentials be falsely provided to TRICARE for appointments while she was out on maternity leave. Defendant directed that TRICARE be falsely

billed rather than have other speech therapists who were actually providing services go through a process to be approved to render services by TRICARE. Multiple speech therapists testified as to the importance of having the correct rendering provider listed on the patient's medical records.

The Government set forth its calculations explaining that TRICARE paid Defendant $136,036 for speech therapy performed between July 2, 2010 and September 15, 2012, falsely billed under Kara Spheeris' identification and credentials. (Gov't Ex. B, ECF No. 159-3). Defendant received an additional $1775 in beneficiary cost-share/co-pays for a total of $137,811. The Government subtracted $52,120 for bills that were already included in the calculation for fraudulently billed second, consecutive dates of service.

The remaining total of $85,691 represents the amount of money Defendant received for falsely using Kara Spheeris' identification and credentials that was not also subject to the second, consecutive dates amount.

The total amount of forfeiture sought is as follows:

**$234,950** in fraudulently billed second, consecutive dates
**+$85,691** in fraudulently billed services for Kara Spheeris
**$320,641: total obtained by Defendant for scheme to defraud**

### D. The Government's Calculations Are Reasonable And Based On Direct Evidence Presented At Trial

The Government's calculations are based on the evidence that was adduced during trial.

Defendant Harris' arguments concerning forfeiture ignore the ten-day trial and the jury's verdict.  Instead, she seeks to retry the case and discredit witnesses in her briefing.

Defendant had a full and fair opportunity to present her defense at trial.  She may not use the forfeiture procedure to try and reassert her defenses or raise new defenses to the Government's evidence presented at trial that was credited by the jury.

Defendant also attempts to argue that the Government's case agent, Federal Bureau of Investigation Special Agent Laura Salazar, should not have been able to testify at trial and present the Government's calculations for the jury.  The Court ruled that Special Agent Salazar was permitted to testify as a summary witness.  (ORDER NUMBER ONE ON PRETRIAL MOTIONS, ECF No. 115).  Defendant may not now attempt to discredit Special Agent Salazar after-the-fact.

The jury heard the case over ten days and rendered its verdict.  The jury was able to assess the witness's credibility and rely on the evidence that it found persuasive.  Defendant's arguments concerning the amount of forfeiture appear to ignore the credited evidence from the trial and the jury's verdict.  The Court ruled following the Government's presentation of its case that there was sufficient evidence by which the jury could reach a verdict as a matter of law.

The Government put forth evidence at trial to support the nexus between the monetary forfeiture calculation and Wire Fraud

scheme.  Fed. R. Crim. P. 32.2(b)(1)(A).

Defendant Harris argues in Opposition that there are a variety of different methodologies that the Government could employ to calculate forfeiture.  Defendant has not put forth any of her own evidence or calculations to determine what she believes the correct forfeiture amount to be.

She argues that the Government did not conduct a proper statistical analysis and incorrectly relied upon a random sample to calculate the amount of forfeiture.  Defendant again ignores the evidence in the record.

The Government did not and was not required to conduct a statistical analysis.  Rather the Government calculated the amount of forfeiture based on the evidence adduced at trial and the reasonable inferences that can be drawn from the testimony and documentary evidence.

Contrary to Defendant's position, the calculation of a proper forfeiture amount does not demand mathematical exactitude. The district courts are permitted to use general points of reference and may make reasonable calculations from the evidence in determining forfeiture amount.  United States v. Treacy, 639 F.3d 32, 48 (2d Cir. 2011).  A reasonable estimate of forfeiture is sufficient.  Id.; United States v. Ford, 296 F.Supp.3d 1251, 1260-61 (D. Or. 2017).

The Government is not required to prove the illegitimacy of each and every transaction in a fraudulent scheme when there is evidence that supports the reasonable inference as to the method

of the scheme.  <u>United States v. Elder</u>, 682 F.3d 1065, 1073 (8th Cir. 2012).

The Government properly calculated the amount of money Defendant obtained as a result of her Wire Fraud scheme to defraud TRICARE based on the evidence at trial.

### **<u>CONCLUSION</u>**

The Court finds that the Government's Proposed Order of Forfeiture is consistent with the law and the evidence presented at trial.

IT IS SO ORDERED.

Dated: November 27, 2018, Honolulu, Hawaii.

Helen Gillmor
United States District Judge