IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

SHEILA HARRIS,                    )
                                  )    Criminal No. 17-00001 HG-01
          Petitioner,             )    Civil No. 22-00245 HG-KJM
                                  )
     vs.                          )
                                  )
UNITED STATES OF AMERICA,         )
                                  )
          Respondent.             )
_____ )

**ORDER DENYING PETITIONER SHEILA HARRIS'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (ECF NO. 264)**

**and**

**DENYING A CERTIFICATE OF APPEALABILITY**

On June 3, 2022, Petitioner Sheila Harris filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

Petitioner seeks to vacate her May 10, 2018 convictions for Wire Fraud, Aggravated Identity Theft, and False Statements Relating To Health Care Matters.  Petitioner was convicted following a ten-day jury trial.  Petitioner Harris claims that she received ineffective assistance of counsel at trial.

Petitioner did not receive ineffective assistance of counsel.

Petitioner's Motion to Vacate, Set Aside, or Correct

1

Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 264) is **DENIED**.

A Certificate of Appealability is **DENIED**.

## BACKGROUND

### Indictment And Petitioner's Not Guilty Plea

On January 4, 2017, the grand jury returned a 13-count Indictment against Petitioner.  (ECF No. 1).

On January 18, 2017, Petitioner made her initial appearance with her retained attorney Victor J. Bakke.  (ECF No. 8).  Petitioner entered a plea of Not Guilty as to all counts.  (Id.)

On May 24, 2017, the grand jury returned the First Superseding Indictment, charging Petitioner with seventeen counts, as follows:

**Counts 1-11:**   Wire Fraud in violation of 18 U.S.C. § 1343;

**Counts 12-13:**  Aggravated Identity Theft in violation of 18 U.S.C. § 1028A(a)(1);

**Counts 14-17:**  False Statements Relating to Health Care Matters in violation of 18 U.S.C. § 1035(a)(2).

(First Superseding Indictment, ECF No. 17).

### Jury Trial

A ten-day jury trial commenced on April 24, 2018.  Petitioner was represented by Attorney Bakke and his associate Attorney Nicole Anne Zens at trial.  Trial was held on April 25,

2

26, and 27, and on May 1, 2, 3, 4, 8, and 9, 2018.  (ECF Nos. 124, 128, 132, 134, 137, 138, 139, 141, 148, 150).

On May 10, 2018, the jury returned a verdict.  (Verdict Form, ECF No. 152).  Petitioner was found guilty on all 17 counts.  (Id.)

**Sentencing**

Following the guilty verdict, Petitioner retained new counsel, Attorney Ronald W. Chapman, II.

On July 31, 2018, Attorney Victor J. Bakke, Petitioner's trial counsel, filed a Motion to Withdraw.  (ECF No. 168).

On August 6, 2018, while the Motion to Withdraw was pending, Attorney Bakke filed Request for a Forfeiture Hearing, which was granted.  (ECF Nos. 170, 189).

On September 4, 2018, the Court granted Attorney Bakke's Motion to Withdraw and granted the Motion to allow Attorney Chapman to Appear Pro Hac Vice.  (ECF No. 189).

Following his appearance, Attorney Chapman filed multiple pleadings seeking to challenge evidence that was admitted during the trial.  Attorney Chapman filed pleadings attempting to challenge the scope of the scheme to defraud, the Government's summary witness and summary charts, and the calculations for restitution, forfeiture, and loss amount.  The challenges were also raised later on appeal and rejected by the Ninth Circuit

3

Court of Appeals.

On October 1, 2018, Attorney Chapman filed a 45-page brief requesting a forfeiture hearing and attempting to challenge the calculations set forth in the Proposed Forfeiture Order.  (ECF No. 191).

On October 29, 2018, pursuant to Attorney Chapman's request, the Court held a Forfeiture Hearing, which lasted 1 hour and 15 minutes.  (ECF No. 194).

On October 30, 2018, the Court rejected Petitioner's challenges to the forfeiture calculations and issued an Order of Forfeiture.  (ECF No. 195).

On November 9, 2018, Attorney Chapman filed a 131-page Sentencing Statement, again seeking to challenge the evidence at trial, objecting to numerous paragraphs in the Draft Presentence Report, and objecting to the restitution and loss amount calculations.  (ECF No. 196).

On December 28, 2018, Attorney Chapman filed a Motion for Bond Pending Sentencing.  (ECF No. 206).

On January 2, 2019, Attorney Chapman filed a 291-page Sentencing Memorandum.  (ECF No. 209).

On January 8, 2019, the Court held the sentencing hearing. (ECF No. 216).  The sentencing hearing lasted 2 hours and 15 minutes.  (Id.)  The Court overruled Petitioner's eleven objections to the Presentence Report.  (Id.)  The Court adopted

4

the calculation of intended loss and restitution set forth in the Presentence Report and rejected Petitioner's challenges to the calculations.  (Id.)

Petitioner was sentenced to 46 months as to Counts 1-11 and 14-17, to run concurrently with each other, and 24 months as to each of Counts 12 and 13 to run concurrently with each other but consecutively to Counts 1-11 and Counts 14-17, for a total sentence of 70 months imprisonment.  (Judgment, ECF No. 222).

**Appeal To The Ninth Circuit Court Of Appeals**

On January 9, 2019, Petitioner filed a Notice of Appeal to the Ninth Circuit Court of Appeals.  (ECF No. 214).

On January 11, 2019, the Court issued an Order Denying Defendant's Motion for Bond Pending Sentencing.  (ECF No. 218).

On December 29, 2020, the Ninth Circuit Court of Appeals issued a Published Opinion affirming Petitioner's identify theft convictions.  (ECF No. 258).  The appellate court issued a concurrently filed Memorandum Disposition that addressed Petitioner's remaining convictions and challenges on appeal. (ECF No. 259).

Petitioner filed a Petition for Rehearing and Rehearing En Banc before the Ninth Circuit Court of Appeals, which was denied. (ECF No. 261).

On March 15, 2021, the Ninth Circuit Court of Appeals issued

the Mandate.  (ECF No. 262).

**Section 2255 Petition**

On June 3, 2022, Petitioner filed her Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.  (ECF No. 264).  Petitioner claims she received ineffective assistance of counsel at trial from Attorney Bakke.

On June 6, 2022, the Court issued a briefing schedule.  (ECF No. 265).

On July 20, 2022, the Government filed a Motion to Continue the Briefing Schedule, which was granted.  (ECF Nos. 266, 268).

On August 11, 2022, the Court issued an ORDER FINDING LIMITED WAIVER OF ATTORNEY-CLIENT PRIVILEGE WITH RESPECT TO HARRIS' PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2255.  (ECF No. 270).

On November 30, 2022, the Government filed a Second Motion to Continue the Briefing Schedule, which was granted.  (ECF Nos. 271, 272).

On December 30, 2022, the Government filed its Opposition to Petitioner's Section 2255 Motion.  (ECF No. 273).

On January 3, 2023, the Government filed an Amended Opposition.  (ECF No. 274).

On January 4, 2023, the Government filed Exhibits in support of its Opposition.  (ECF No. 275).

On January 31, 2023, Petitioner filed her Reply.  (ECF No. 276).

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2255, provides federal prisoners with a right of action to challenge a sentence if:

    (1)  the sentence was imposed in violation of the Constitution or laws of the United States;

    (2)  the court was without jurisdiction to impose such a sentence;

    (3)  the sentence was in excess of the maximum authorized by law;

    (4)  or the sentence is otherwise subject to collateral attack.

28 U.S.C. § 2255(a).

A prisoner may file one motion to vacate, set aside, or correct a sentence.  28 U.S.C. § 2255.  The scope of collateral attack of a sentence is limited, and does not encompass all claimed errors in conviction and sentencing.

A district court must hold an evidentiary hearing to assess the worthiness of a Section 2255 Motion unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.  28 U.S.C. § 2255(b).

**ANALYSIS**

## I.    Petitioner Is "In Custody" For Purposes Of 28 U.S.C. § 2255

As an initial matter, Petitioner Harris was released by the Bureau of Prisons on April 28, 2022, prior to the filing of her Section 2255 Motion. (BOP Prisoner Locator, Sheila Harris, 05902-122, www.bop.gov/inmateloc/ last visited Apr. 28, 2023).

Petitioner, however, remains eligible to seek relief pursuant to Section 2255 because she is on supervised release. See United States v. Reves, 774 F.3d 562, 565 (9th Cir. 2014) (citing Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (explaining that a petitioner must be "in custody" to seek Section 2255 relief but in custody includes terms of supervised release and probation)); see United States v. Thao Thi Nguyen, 2023 WL 2142217, *3-*4 (D. Haw. Feb. 21, 2023).

## II.   Petitioner Alleges Ineffective Assistance By One Of Her Retained Trial Attorneys

Petitioner's Section 2255 Motion is premised on alleged ineffective assistance of counsel of her retained trial counsel Victor J. Bakke.  Petitioner was represented by two attorneys at trial: Attorney Bakke and Attorney Nicole Anne Zens.

Petitioner's Section 2255 Motion does not mention Attorney Zens.  Petitioner's ineffective assistance of counsel allegations are limited to claims against Attorney Bakke.

8

A prisoner who alleges ineffective assistance of counsel in a Section 2255 Motion must satisfy the two-part test of ineffective assistance set forth by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 687 (1984).

First, the petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment to the United States Constitution. Id.

Second, the petitioner must show that the counsel's deficient performance was prejudicial. This requires showing that counsel's errors were so serious as to deprive the prisoner of a fair trial or fair representation. Id. The petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694.

Petitioner Harris claims that her retained trial counsel Attorney Victor Bakke was ineffective because:

(1)  he failed to investigate mitigating evidence;

(2)  he failed to retain an expert to support her theory of the case;

(3)  he failed to object to the Government's use of summary charts; and,

(4)  he failed to prepare Petitioner to testify.

There is no support in the record for any of Petitioner's

9

claims.  The record conclusively demonstrates that Petitioner did not receive ineffective assistance of counsel.

## III.  Background

### A.  Evidence Of Petitioner's Scheme To Defraud

Petitioner Sheila Harris was the owner and operator of Harris Therapy, Inc.  Harris Therapy provided therapeutic services, including speech, physical, and occupational therapy services, to children in Hawaii.  Harris Therapy contracted with insurance providers including TRICARE, the health care program for uniformed service members, retirees, and their families.

The jury found that Petitioner Harris engaged in a lengthy fraudulent scheme over a number of years to defraud the federal government.  The evidence at trial demonstrated that Petitioner took advantage of military families by falsely reporting claims to TRICARE in order to receive payment for services that were not rendered.

From 2008 to 2012, Petitioner Harris fraudulently billed TRICARE for speech therapy services provided to children of military families. Petitioner's scheme to defraud involved two parts: (1) she would bill TRICARE for two services of speech therapy on two different dates, even though only one session was provided; and (2) she would bill TRICARE for services falsely reporting that a credentialed provider performed the service,

even though a non-credentialed provider actually performed the
service.

### 1.   **Double-Billing Scheme**

Evidence at trial demonstrated that TRICARE's rules and
regulations mandated that speech therapy could only be claimed
once per day per patient regardless of the length of time for the
service.  TRICARE paid per session rather than by the hour or
half-hour.  E-mails involving Petitioner Harris and the testimony
of employee Melinda Theribault showed that Petitioner Harris was
aware of this billing and coding requirement for speech therapy
prior to directing Harris Therapy speech therapists to document
information falsely and to submit false claims in order to
receive two payments per session from TRICARE rather than one.

The evidence at trial showed that Petitioner Harris had
previously been audited by TRICARE.  At that time, Petitioner
Harris learned of TRICARE's requirements, its auditing process,
and what was necessary to properly bill for speech therapy
sessions.  Petitioner devised the scheme following the audit.
She learned what documentation would be requested to support the
billings and devised a scheme that she believed could withstand
the scrutiny of an audit if it were to happen again.

The evidence at trial demonstrated that Harris Therapy
provided one speech therapy service on a specific date, but
Petitioner Harris would bill for two services by adding an

11

additional date in order to receive two payments from TRICARE.
She directed speech therapists to falsify records to make it
appear that sessions were held on two consecutive dates even
though only one session on one date was provided.  A critical
issue at trial involved establishing when an actual speech
therapy session happened.

### 2.   **False Identity Scheme**

The evidence at trial demonstrated that Petitioner devised
the scheme to submit claims to TRICARE that falsely identified
the providers on the children's medical records.  The evidence
demonstrated that the scheme was devised in order for Harris
Therapy to receive payments for all of its speech therapy
providers rather than only for the speech therapy providers who
were credentialed by TRICARE.  TRICARE would only reimburse for
speech therapists for whom it credentialed and authorized to bill
for its services.

Kara Spheeris, a speech pathologist who worked for Harris
Therapy and was credentialed by TRICARE, testified that she was
listed as the rendering provider for dates on which she did not
provide any services.  Spheeris testified that she was on
maternity leave during the period of time when Petitioner Harris
falsely used her credentials in order to receive payment from
TRICARE.  The evidence at trial demonstrated that Petitioner

Harris falsely used Spheeris's identity credentials in order to receive payment for services rendered by speech therapists who were not authorized to bill services to TRICARE.

### 3.   Evidence Of The Scheme To Defraud Was "Overwhelming"

The Ninth Circuit Court of Appeals ruled that there was "overwhelming evidence" of Petitioner Harris's guilt at trial. Evidence included both testimony and documentary evidence.  The parents of a number of the children of military families testified at trial about the dates of services that they received from Harris Therapy.  In addition to the parents, each of the speech therapists that provided services to the witness's children was called to testify.  Both the parents and the speech therapists testified to dozens of instances where TRICARE was billed by Petitioner Harris for speech therapy services that did not occur on the date reported by Petitioner Harris.

The speech therapists testified that Petitioner Harris knew that the billings were false because she instructed them to create back up documentation to match billing records for dates when no speech therapy service was provided.  Petitioner Harris directed the speech therapists to create notes for the fictitious dates of service even though she knew that no speech therapy sessions were provided on those dates.  An administrator for Harris Therapy, Abigail Fiesta, testified that Petitioner Harris

directed her to falsify notes.

The jury found that Petitioner knowingly used, without legal authority, the means of identification of minor children and the means of identification of one of the speech therapists for Harris Therapy, Kara Spheeris, to falsely bill TRICARE for payment.

The record conclusively demonstrated that Petitioner Harris purposefully and knowingly altered the children's medical records for her own financial benefit.  Petitioner Harris falsely used the identities of both the children and Kara Spheeris on the records.  The jury found that Petitioner Harris knew that Kara Spheeris did not provide the billed-for services to the children, but that Petitioner Harris represented Kara Spheeris as a treating therapist on filings for billings with TRICARE during the nearly two year period from July 2, 2010 to September 15, 2012 when Kara Spheeris was on maternity leave.

Kara Spheeris testified that she did not know Petitioner Harris was using her credentials and name to bill to TRICARE for services she did not render.  Spheeris testified that she did not give Petitioner Harris permission to falsely use her identity.

The evidence at trial showed that Petitioner Harris herself was responsible for electronically submitting each of the false claims.  E-mails involving Petitioner Harris and the testimony of Harris Therapy biller Melinda Theibault showed that Petitioner

14

Harris was aware of TRICARE's billing and coding rules.  The evidence demonstrated that Petitioner Harris devised the scheme to receive double payments from TRICARE and that Petitioner Harris directed both the false billing and the submission of the false claims.

The evidence at trial proved the large scale of Petitioner Harris's scheme to defraud.  From 2008 through 2012, Petitioner's scheme involved approximately 5,259 falsified speech therapy sessions and 2,328 false claims submitted to TRICARE for over 90 minor beneficiaries.  (See Gov't Opp. at p. 13, ECF No. 274).

## B.   Indictment And Pretrial Preparation

On May 24, 2017, the grand jury returned the First Superseding Indictment charging Petitioner Harris as follows:

**Counts 1-11:**   Wire Fraud in violation of 18 U.S.C. § 1343;

**Counts 12-13:**  Aggravated Identity Theft in violation of 18 U.S.C. § 1028A(a)(1);

**Counts 14-17:**  False Statements Relating to Health Care Matters in violation of 18 U.S.C. § 1035(a)(2).

(First Superseding Indictment, ECF No. 17).

On June 30, 2017, Attorney Bakke, the retained counsel for Petitioner Harris, filed a Motion to Continue Trial, which was granted.  (ECF Nos. 25, 27).

On October 5 and November 1, 2017, the Government filed Motions for Depositions Pursuant to Federal Rule of Criminal

15

Procedure 15 due to the numerous military families who had
relocated from Hawaii, which was granted.  (ECF Nos. 28, 31, 32,
34, 36, 37, 38, 39).  Petitioner Harris was physically present at
those depositions.

On December 14, 2017, Attorney Bakke, on behalf of
Petitioner Harris, filed another Motion to Continue due to the
Government's production of new discovery on December 12, 2017.
(ECF Nos. 44, 45-1).

The Court held a hearing and granted the Defendant's
requested continuance.  (ECF No. 48).

Attorney Bakke filed two Motions in Limine, filed Objections
to the Government's Exhibits, filed eleven oppositions to the
Government's Motions in Limine, and argued in opposition to the
Government's motions during pretrial hearings.  (ECF Nos. 65-73,
87, 104 117, 119).

### C.   Trial

Jury selection began on April 24, 2018.  Petitioner Harris
was represented at trial by Attorney Bakke and his associate
Attorney Zens.  (ECF No. 130).

Trial lasted ten days.  (ECF Nos. 124, 150).  The Government
presented 22 witnesses, including parents of patients, former
Harris Therapy speech therapists, Harris Therapy administrative
employees, TRICARE and Hawaii Medical Services Association

representatives, and over two hundred exhibits.

On May 8, 2018, the Government rested its case.  Attorney Bakke made an oral motion for acquittal pursuant to Fed. R. Crim. 29, which was denied.  (ECF No. 148).

Also on May 8, 2018, the Court engaged in a colloquy with Petitioner Harris about her right to testify in her defense and her right to remain silent pursuant to the Fifth Amendment to the United States Constitution.  (Id.)  Petitioner Harris told the Court that she had sufficient time to speak with her attorneys about her right to testify and that she elected not to testify in her case.  (Id.)  The defense chose not to present any witnesses and rested.  (Id.; ECF No. 150).

On May 9, 2018, Attorney Bakke made a renewed oral motion for judgment of acquittal, which was denied.  (ECF No. 150).

On May 10, 2018, the jury returned a verdict of guilty on all seventeen counts in the First Superseding Indictment.  (ECF No. 151).

Following trial, Petitioner Harris retained new counsel to represent her at sentencing.  On September 4, 2018, Attorney Bakke's Motion to Withdraw and for Substitution of Counsel was granted.  (ECF No. 189).

On January 8, 2019, Petitioner was sentenced to 70 months imprisonment and three years of supervised release.  (ECF No. 216).

### D.    Convictions And Sentence Affirmed On Appeal

On January 9, 2019, Petitioner filed a Notice of Appeal with the Ninth Circuit Court of Appeals.  (ECF No. 214).  Petitioner presented a number of theories on appeal, all of which were rejected by the Appellate Court.

On December 29, 2020, the Ninth Circuit Court of Appeals issued two decisions, one published opinion and one unpublished memorandum, both affirming Petitioner's convictions and sentence. (ECF Nos. 258, 259).  The Ninth Circuit Court of Appeals found there was "overwhelming evidence establishing Harris's guilt in a scheme to defraud."  (ECF No. 259 at p. 4).

On March 5, 2021, Petitioner's request for rehearing en banc was denied.  (ECF No. 261).

The mandate was issued on March 15, 2021.  (ECF No. 262).

## IV.  Petitioner Did Not Receive Ineffective Assistance Of Counsel At Trial From Attorney Bakke

The only evidence presented by Petitioner Harris in her Section 225 Motion is her own affidavit and the affidavit of her husband.

The Motion alleges Petitioner Harris's retained trial counsel Attorney Victor Bakke was ineffective for four reasons:

(1)  failing to investigate sources of evidence that were helpful to her case;

(2)  failing to retain an expert to testify regarding Harris

Therapy's medical billing to TRICARE;

(3)  failing to object to the use of summary charts; and

(4)  failing to prepare Petitioner to testify at trial.

Petitioner's arguments are unsupported by the record.

### A.  Attorney Bakke Investigated Sources Of Evidence That Could Be Helpful To Petitioner's Case

In order to succeed on a Section 2255 Motion premised on ineffective assistance of counsel, Petitioner Harris must show that Attorney Bakke's performance at trial was both deficient and prejudicial.  Strickland, 466 U.S. at 687.

To establish deficient performance, Petitioner Harris must show that Attorney Bakke's representation fell below an objective standard of reasonableness.  Id. at 688.

Petitioner Harris argues that Attorney Bakke did not interview her friend Margie Stercho as a potential fact witness and did not investigate the employees of Harris Therapy, Inc. in preparing a defense.

Petitioner's claims are belied by the record.  Attorney Bakke's investigation into Petitioner's case did not fall below an objective level of reasonableness.

### 1.  Attorney Bakke Interviewed Margie Stercho

Petitioner Harris argues in her Section 2255 Motion that Attorney Bakke failed to contact a potential fact witness, Margie

19

Stercho.  Petitioner asserts that Ms. Stercho's testimony would
have assisted in her defense.

Contrary to Petitioner's allegations, Attorney Bakke
provided evidence, including a recorded phone call, that he spoke
with Ms. Stercho several times to evaluate her as a potential
witness.  (Declaration of Victor Bakke ("Bakke Decl.") at ¶
24(c), attached to Gov't Opp., ECF No. 274-1).  Attorney Bakke
provided a recording of a phone call between him and Ms. Stercho
where he spoke with her about Petitioner Harris's case.
(Recording of Stercho Telephone Call, attached as Ex. C to Gov't
Opp., ECF No. 274-4).

Petitioner's allegation that Attorney Bakke failed to
investigate Ms. Stercho as a potential witness also contradicts
Petitioner's own statements in the record.  On February 19, 2019,
months after Petitioner terminated Attorney Bakke as her
attorney, Petitioner Harris sent Attorney Bakke a letter.  (Feb.
19, 2019 Letter from Petitioner to Bakke, attached as Ex. A to
Gov't Opp, ECF No. 274-2).  In the letter, Petitioner states that
she was aware Attorney Bakke interviewed Ms. Stercho as a
potential witness.  (Id. at pp. 1-2).

Attorney Bakke explained that he did not call Ms. Stercho as
a witness because he discovered that she was involved with the
Petitioner in what he believed could have been additional
uncharged criminal activity which would have undermined both Ms.

20

Stercho's credibility and his own client. (Bakke Decl. at ¶ 24(c)(iv), ECF No. 274-1). Attorney Bakke stated that "Margie put me in contact with her sister who was an attorney. When I explained the situation, the sister agreed with me and advised [Ms. Stercho] to no longer discuss anything further with me." Id.

An attorney's decision not to call a witness constitutes a matter of trial tactics and does not support an ineffective assistance of counsel claim. United States v. Harden, 846 F.2d 1229, 1231-32 (9th Cir. 1988). Petitioner's claim that Attorney Bakke failed to investigate Ms. Stercho as a witness is contradicted by the record, including by Petitioner's own representations. In addition, Attorney Bakke's decision not to call Ms. Stercho as a witness was reasonable under the circumstances. Gerlaugh v. Stewart, 129 F.3d 1027, 1033 (9th Cir. 1997) (failure to call witnesses was a reasonable tactical decision where counsel reasonably believed the testimony could backfire).

### 2.   Attorney Bakke Did Not Err In Failing To Investigate All Of Harris Therapy's Employees

Petitioner Harris next argues that Attorney Bakke did not interview all of the Harris Therapy employees. She specifically asserts that she identified at least 5 therapists who would be helpful to her case. (Pet.'s Motion at p. 8, ECF No. 264).

21

A criminal defense attorney's duty to investigate and prepare a defense does not necessarily require that every conceivable witness be interviewed or that counsel must pursue "every path until it bears fruit or until all conceivable hope withers." Clark v. Chappell, 936 F.3d 944, 975 (9th Cir. 2019) (quoting United States v. Tucker, 716 F.2d 576, 584 (9th Cir. 1983)). A tactical decision may constitute adequate representation even if, in hindsight, a different defense might have fared better. Bemore v. Chappell, 788 F.3d 1151, 1163 (9th Cir. 2015).

Attorney Bakke explains that Petitioner Harris never identified "at least 5 therapists" who would be helpful to her case. (Declaration of Victor Bakke ("Bakke Decl.") at ¶ 24, ECF No. 274-1). Petitioner's Section 2255 Motion does not identify who these therapists would be, whether they were speech therapists, and the specific nature of their testimony.

Petitioner attempts to identify therapists for the first time in her Reply. (Reply at pp. 3-4, ECF No. 276). Most of the purported witnesses identified in the Reply were not speech therapists, which were the only type of therapists who were involved in the false billings charged in the case.

Petitioner continues to fail to identify the name of any specific speech therapist who had information relevant to her case. There is no affidavit from any of the identified

22

therapists as to the nature of their purported testimony.  The only evidence is speculation by Petitioner Harris.

Specifically, Petitioner Harris asserts that one of the unidentified therapists could have undermined testimony from a parent, Angelique Martin.  Angelique Martin testified that her son received speech therapy services at Harris Therapy.  Ms. Martin testified that she did not recall ever meeting Petitioner Harris.  Petitioner Harris claims that she had met Ms. Martin.  Petitioner Harris claims that one of the unidentified speech therapists could have supported her claim.  Petitioner's allegation is irrelevant to her defense.  Petitioner Harris was not a speech therapist and did not provide any services to Ms. Martin's child.  Testimony about whether Ms. Martin may have ever met Petitioner Harris was not relevant to the charges or the theory of the case.

Defense counsel has a duty to make reasonable investigations and to make reasonable decisions about what investigations are necessary.  Strickland, 466 U.S. at 691.  This includes a duty to investigate and introduce evidence that demonstrates factual innocence or evidence that raises sufficient doubt on that question to undermine confidence in the verdict.  Bragg v. Galaza, 242 F.3d 1082, 1088 (9th Cir. 2001).  Petitioner Harris's allegations, even if true, would not demonstrate Harris's innocence or undermine confidence in the jury's verdict.

23

In addition, ineffective assistance of counsel claims based on a duty to investigate must be considered in light of the strength of the Government's case.  Eggleston v. United States, 798 F.2d 374, 376 (9th Cir. 1986).  Here, the Ninth Circuit Court of Appeals ruled that the evidence at trial, including TRICARE records and testimony, "showed that Harris engaged in a pattern and practice of double billing."  (Ninth Circuit Memorandum Decision at p. 11, ECF No. 259).  The appellate court found that there was "overwhelming evidence establishing Harris's guilt in a scheme to defraud."  (Id. at p. 4).

The record demonstrates that Attorney Bakke made reasonable investigations into Petitioner's case and his representation did not fall below an objective standard of reasonableness.  Even if Petitioner demonstrated a deficiency, she has failed to demonstrate she was prejudiced given the "overwhelming evidence" establishing her guilt at trial.  (Id.)

## B.   Attorney Bakke Did Not Err In Failing To Retain An Expert

Petitioner argues that Attorney Bakke should have retained an expert witness to argue that she should have been able to double bill for services to TRICARE.

Petitioner has failed to identify any reasonable basis for such testimony.  An attorney's decision not to call an expert witness generally constitutes a matter of trial tactics which may

not be second-guessed on a Section 2255 Motion.  See Herrera v.
Yates, 2009 WL 1529820, *12 (C.D. Cal. May 28, 2009) (citing
United States v. Harden, 846 F.2d 1229, 1232 (9th Cir. 1988)).

Failure by counsel to call an expert witness when the
evidence on hand does not warrant it does not amount to
ineffective assistance of counsel.  Wilson v. Henry, 185 F.3d
986, 990 (9th Cir. 1999).  As Attorney Bakke points out in his
declaration, "I informed [Petitioner] that, even if [Harris
Therapy's billing practices were industry standard], that was not
a legal defense [with respect to billing to TRICARE] and that her
own statements made it clear that she knew that she was
intentionally billing illegally."  (Bakke Decl. at ¶ 24(b), ECF
No. 274-1).  Attorney Bakke asserts that he made a reasonable
tactical decision to present a different theory of defense and
that there was "no need for any expert testimony."  (Id.)

Here, Petitioner Harris argues that she wanted an expert to
testify that the "industry standard" was to bill speech therapy
for half hour increments.  The expert testimony would have been
irrelevant and excluded by the Court.  The evidence at trial
demonstrated that TRICARE did not allow a provider to bill for
more than one speech therapy session on one date.  Petitioner
Harris attempted to circumvent the TRICARE rules and billed for
two separate sessions on back-to-back dates and sought double
payments for one session of services.  The speech therapists

25

testified that speech therapy sessions could not be provided on
back-to-back dates as was falsely billed because it would not
have been beneficial to the children.

The Court would have excluded any attempt by Petitioner to
present expert testimony that she should have been able to double
bill for services when it was illegal and precluded under
TRICARE's policy.  The standard set forth in Daubert specifically
requires the trial court to act as a gate-keeper and preclude
expert testimony that is irrelevant, illogical, and confusing to
the jury.  Daubert v. Merrell Dow Pharm., 509 U.S. 579, 597
(1993).

Petitioner could not have presented expert testimony that
her illegal acts of double billing should have been legal.  See
United States ex. rel. Oliver v. Parsons Co., 195 F.3d 457, 462
(9th Cir. 1999) (finding the court properly rejected the defense
expert's opinion regarding the legality of the defendant's
accounting practices); United States v. Smith, 2008 WL 1909224,
*3 (C.D. Cal. Apr. 28, 2008) (precluding the defendants from
offering expert testimony about medicinal effects of marijuana
and whether the defendants' conduct should be legal).

It is clear that Petitioner continues to ignore the
illegality of her false billing practices.  Attorney Bakke was
not required to present Petitioner's illegal argument or obtain
her consent to every tactical decision.  Fla. v. Nixon, 543 U.S.

26

175, 187 (2004) (citing <u>Taylor v. Illinois</u>, 484 U.S. 400, 417-18
(1988)).  The decision to hire an expert witness is not a
fundamental decision a defendant has the right to make.  <u>Jones v.
Barnes</u>, 463 U.S. 745, 751 (1983).  Attorney Bakke's strategic
choices do not form the basis for relief pursuant to Section
2255.  <u>Strickland</u>, 466 U.S. at 690.

### C.   Attorney Bakke Did Repeatedly Object To The Government's Use Of Summary Charts

Petitioner argues that Attorney Bakke was ineffective
because he failed to object to the Government's use of summary
charts at trial.

First, Petitioner misstates the record.  Attorney Bakke
objected to the Government's use of summary witness to explain
summary charts and opposed the Government's Motion in Limine
where it sought to use such charts at trial.  (Def.'s Opp. to
Gov't MIL to Admit Summary Charts, ECF No. 68; Order on Pretrial
Motions, ECF No. 115).  Attorney Bakke also filed an objection to
the Government's Exhibits.  (Def.'s Objection to Gov't Exhibits,
ECF No. 104).  On April 20, 2018, the Court issued an order
regarding the Government's use of summary charts.  (Order on
Motions in Limine, ECF No. 115).

Second, during trial, Attorney Bakke again objected to the
admission of the charts.  (Minutes from Jury Trial Day 8 and Jury
Trial Day 9, ECF Nos. 141, 145).  The Government altered the

27

summary charts based on Attorney Bakke's objections pursuant to Fed. R. Evid. 403.  (Id.)

As the Government points out, Attorney Bakke again objected to their admission on the record when the evidence was introduced by the Government.  (Transcript of Jury Trial Day 9, at pp. 12, 35, 38, 41, 65, 70, ECF No. 186).  Attorney Bakke's co-counsel, Attorney Nicole Zens, objected at various times and pointed out inaccuracies in the summary chart marked as Exhibit 901-1.  The Court excluded the chart based on the objections.  (Id. at pp. 97-99).  Attorney Zens also cross-examined the summary witness about the summary charts, including how they were prepared and their accuracy.  (Id. at p. 90).

Petitioner challenged certain aspects of the admission of the summary charts on appeal.  The Ninth Circuit Court of Appeals ruled that Petitioner failed "to show that the district court plainly erred in admitting Agent Salazar's summary testimony and the summary charts."  (Ninth Circuit Memo. Opinion at p. 6, ECF No. 259).

Petitioner cannot establish any prejudice based on Attorney Bakke's alleged failure to object where the Ninth Circuit Court of Appeals has already ruled that the admission of the evidence was not clearly erroneous.  See Hee v. United States, 2018 WL 4609932, *7 (D. Haw. Sept. 25, 2018).

28

### D.    Attorney Bakke Prepared Petitioner To Testify

Petitioner claims Attorney Bakke did not properly prepare
her to testify in her own defense.

Attorney Bakke explains that he engaged in multiple topic-
specific preparation sessions with Petitioner Harris regarding
her right to testify and her ability to be cross-examined.
(Bakke Decl. at ¶¶ 27-27, 41, 43, ECF No. 274-1).  Attorney Bakke
also included an audio recording of a phone call with Petitioner,
which demonstrated that Petitioner Harris reacted poorly when
confronted with inconsistent statements and would feign
misunderstanding.  (Audio Recording with Petitioner Harris,
attached as Ex. D, ECF No. 274-5; see also Bakke Decl. at ¶¶ 25,
31, 41, 43, ECF No. 274-1).

During trial, the Court ensured that Petitioner Harris was
afforded her Fifth Amendment Right to remain silent or to testify
in her own defense.  The Court stated:

> The Court has been informed that Ms. Harris, that you
> may not wish to testify in your trial.
>
> I want to have a conversation with you about that, so
> that we are clear that you have given this serious
> consideration, and I want to talk about the things that
> you should consider.
>
> You have a right to testify in your own defense.  You
> also have a right to choose not to testify in your own
> defense.  And if you choose not to testify, no one will
> be able to make any comment about the fact that you did
> not testify.  There can be nothing about that in
> closing argument, and no juror is able to make an
> inference of guilt by the fact, or any other inference

from the fact that you don't testify.  And that is
something that we had discussed earlier with the jury
and is clear from our earlier talk with the jury and
will be clear, depending on your decision in the jury
instructions.

However, this is a serious question, and you are
advised by experienced counsel, but you are the person
who must decide whether you wish to testify.  It's
important to discuss this with your counsel.

(Jury Trial Day 9 Transcript at p. 122, ECF No. 186).

The Court asked Petitioner whether she consulted with her

attorneys about her right to testify.  Petitioner Harris

confirmed that she discussed her right to testify with her

attorneys and that she had no questions.  The Court asked

Petitioner if she needed additional time to determine whether she

wanted to testify.  Petitioner stated that she did not need

additional time and declined to testify in her own defense.  The

transcript provides, as follows:

| The Court: | Have you discussed [your right to testify] with Mr. Bakke and Ms. Zens? |
|---|---|
| Defendant: | I have, Your Honor. |
| The Court: | And have they answered all of your questions about this? |
| Defendant: | They have, Your Honor. |
| The Court: | Do you have anything else?  Do you need any more time to talk to your counsel about this question? |
| Defendant: | No, I don't. |
| The Court: | Well, I want to point out that they are experienced counsel and you've had an opportunity to discuss this with them. |

>But the decision is yours.  You are the
>person who makes the decision as to
>whether or not you wish to testify.
>So taking into account their advice,
>whatever it may have been and I don't
>know what it was; but whatever it may
>have been, this is your decision.  And
>you must decide whether you wish to
>testify, taking into account the
>limitations with respect to what the
>effects are in either way.  What is your
>decision?

Defendant:     I'm not going to testify, Your Honor.

(Id. at p. 122-23).

At no point did Petitioner tell the Court that she did not feel she was prepared by Attorney Bakke.  Petitioner was specifically asked if she needed additional time to decide if she wanted to testify in her defense.  Petitioner said she did not need additional time.

Now, Petitioner states that she was not properly prepared. Even if true, Petitioner has failed to establish any prejudice. The Ninth Circuit Court of Appeals found there was "overwhelming evidence" establishing her guilt.  (Ninth Circuit Memo. Decision at p. 4, ECF No. 259).  Petitioner has failed to demonstrate that the outcome would have been different if she testified.

A defendant cannot succeed on an ineffective assistance of counsel claim based on an alleged failure of the attorney to prepare the defendant to testify when there was overwhelming evidence of the defendant's guilt regardless of her testimony. United States v. Ray, 2016 WL 146177, *6 (E.D. Cal. Jan. 13,

31

2016) (explaining that the evidence against the defendant was "overwhelming" and the jury would have reached the same decision regardless of the defendant's decision to testify), <u>aff'd</u> 735 Fed. Appx. 290, 293 (9th Cir. 2018); <u>United States v. Seldon</u>, 2014 WL 476300, *7 (D. Nev. Feb. 6, 2014) (finding no prejudice in failure to prepare defendant to testify where evidence of "Defendant's guilt was overwhelming"); <u>see</u> <u>also</u> <u>United States v.</u> <u>Mascak</u>, 2008 WL 3285843, *9 (D. Or. Aug. 8, 2008).

### E.    There Was No Ineffective Assistance Of Counsel

Petitioner has failed to demonstrate that she received ineffective assistance of counsel from Attorney Bakke.  The record does not show that he fell below an objective standard of reasonableness in defending Petitioner Harris.

Petitioner argues that the Court should alternatively grant habeas relief based on cumulative errors by Attorney Bakke.  The Court, however, "cannot consider the cumulative effect of non-errors."  <u>McGill v. Shinn</u>, 16 F.4th 666, 684 (9th Cir. 2021) (quoting <u>Williams v. Filson</u>, 908 F.3d 546, 570 (9th Cir. 2018)).

Petitioner has not shown any deficiency in Attorney Bakke's performance, and she has also failed to demonstrate that she was prejudiced.  <u>Strickland</u>, 466 U.S. at 697.

Petitioner claims that Attorney Bakke failed to file post-trial motions for her.  Contrary to Petitioner's assertion, the

record demonstrates that Attorney Bakke moved for acquittal pursuant to Fed. R. Crim. P. 29 at the conclusion of the Government's case and at the close of all evidence.  Both were denied by the Court based on the strength of the Government's case.

Petitioner also cannot demonstrate any prejudice as Attorney Bakke was terminated from representation by Petitioner following trial.  Petitioner Harris retained a new attorney for sentencing purposes following her convictions who still represents her to this day.  Petitioner was able to file post-trial motions.  She filed numerous motions and challenged the sentencing calculations, the forfeiture order, and restitution.

Petitioner also filed a direct appeal to the Ninth Circuit Court of Appeals.  The appellate court rejected all of Petitioner's arguments on appeal in two separate orders.  Petitioner sought rehearing en banc from the appellate court, which was denied.

Petitioner has been released from custody and is now serving a term of supervised release.  Rather than accept responsibility and pay her restitution, Petitioner seeks another opportunity to challenge her convictions that have already been fully reviewed by the appellate court.  Petitioner continues to ignore the jury's verdict, the overwhelming evidence at trial, and the findings of the appellate court.  She seeks yet another bite at

the apple in an attempt to vacate her convictions.  Petitioner has not provided any basis for relief pursuant to 28 U.S.C. § 2255.

Petitioner's Section 2255 Motion (ECF No. 264) is **DENIED**.

## **V.**   **Petitioner Is Not Entitled To A Certificate Of Appealability**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a Certificate of Appealability may be issued in a habeas corpus proceeding "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

A "substantial" showing requires a prisoner to show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Petitioner Harris's Section 2255 Motion has not made a substantial showing that Petitioner was deprived of a constitutional right.  Petitioner's arguments are not supported by the record and applicable law.  Reasonable jurists would not debate the Court's conclusion, and there is no reason to encourage further proceedings.

A Certificate of Appealability is **DENIED**.

**CONCLUSION**

Petitioner Harris's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 264) is **DENIED.**

A Certificate of Appealability is **DENIED.**

IT IS SO ORDERED.

DATED: April 28, 2023, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

Sheila Harris v. United States of America; Cr. No. 17-00001 HG-01; Civ. No. 22-00245 HG-KJM; **ORDER DENYING PETITIONER SHEILA HARRIS'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (ECF NO. 264) AND DENYING A CERTIFICATE OF APPEALABILITY**

35